# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| NOVE JAY KEPHART, JR. ) | |
| ) | |
|     Plaintiff, ) | |
| ) | No. 2:21-cv-02768-SHM-tmp |
| v. ) | |
| ) | |
| JOHN/JANE DOE MEDICAL ) | |
| SUPERVISOR and DR. BENITEZ, ) | |
| ) | |
|     Defendants. ) | |

## ORDER DISMISSING CASE;
## CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH;
## NOTIFYING KEPHART OF APPELLATE FILING FEE;
## AND RECOMMENDING THIS DISMISSAL BE TREATED AS A STRIKE UNDER
## § 28 U.S.C. 1915(g)

On December 8, 2021, Plaintiff Nove Jay Kephart, Jr., Federal Bureau of Prisons (the "BOP") inmate registration number 31656-076, filed a *pro se* complaint seeking to invoke federal jurisdiction under 28 U.S.C. § 1331 to assert claims under *Bivens v. Six Unknown Fed. Agents*, 403 U.S. 388 (1971). (ECF No. 1.) When Kephart filed his complaint, he was confined at the Federal Correctional Institute in Memphis, Tennessee (the "FCI-Memphis"). (*Id*. at PageID 2.) On January 4, 2022, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. §§ 1915(a)-(b), *et seq*.. (ECF No. 5 (the "IFP Order").) The IFP Order warned Kephart that "[i]f Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately, in writing, of his change of address … If Plaintiff fails to abide by these or any other requirements of

this order, the Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court." (*Id*. at PageID 32.)

On January 6, 2023, the Court dismissed the complaint without prejudice, granted leave to amend, and denied Kephart's motion to compel. (ECF No. 8 (the "Screening Order").)

Kephart's deadline to amend was Friday, January 27, 2023. (*See id*. at PageID 47-48.) Kephart did not file a timely amended complaint and did not seek an extension of time to amend.

On February 28, 2023, the copy of the Screening Order that the Clerk of Court had mailed to Kephart at the FCI-Memphis was returned as undeliverable. (ECF No. 9 at PageID 63.)

For the reasons explained above, the Court DISMISSES this case with prejudice in its entirety for the reasons discussed in the Screening Order. Judgment will be entered in accordance with that prior Order.

For § 1915(g) analysis of Kephart's future filings, if any, the Court recommends that the dismissal of this case be treated as a strike pursuant to § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021); *see also* ECF No. 8 at PageID 47 (recommending that a dismissal of this case for Kephart's failure to timely amend be treated as a strike pursuant to § 1915(g).)

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), it is CERTIFIED that any appeal in this matter by Kephart would not be taken in good faith. If Kephart nevertheless chooses to file a notice of appeal, Kephart must either (1) pay the entire $505 appellate filing fee or, if Kephart is confined at that time, (2) submit a new *in forma pauperis* affidavit and a current, certified copy of Kephart's inmate trust account statement for the last six months, in compliance with 28 U.S.C. §§ 1915(a)-(b).

IT IS SO ORDERED this 13th day of June, 2023.

                                              /s/ *Samuel H. Mays, Jr.*
                                              SAMUEL H. MAYS, JR.
                                              UNITED STATES DISTRICT JUDGE